# MEMORANDUM DECISIONS.

THE BARNSTABLE. (Circuit Court of Appeals. First Circuit. April 22, 1902.) No. 423. Appeal from the District Court of the United States for the District of Massachusetts. John L. Thorndike (Charles T. Russell and Arthur H. Russell, on the brief), for appellant. J. Parker Kirlin, for appellee Northern Transport, Limited. Eugene P. Carver and Edward E. Blodgett, for appellees A. G. Hall and others. Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. This is the same case reported in 181 U. S. 464, 21 Sup. Ct. 684, 45 L. Ed. 954. In accordance with the order there found on page 473, 181 U. S., page 688, 21 Sup. Ct., 45 L. Ed. 954, the opinion was made a part of the mandate to the district court. Therefore every part of that opinion was conclusive on the district court, and is conclusive on us. After the mandate came down, the Boston Fruit Company undertook in the district court, by a petition, and by an amendment to its answer referred to in 181 U. S. 465, 21 Sup. Ct. 685, 45 L. Ed. 954, to introduce certain new propositions, based on a claim that the Turret Steamshipping Company had in fact secured policies covering some, if not all, of the risks explained in the opinion of the supreme court. The new matter thus offered by it was not accepted by the district court, and the amendment was refused, on the ground that, under the mandate of the supreme court, that court had no power in reference thereto. Thereupon an appeal was taken to us. It is not necessary that we should state at length the new matter which was thus sought to be introduced. We ought to observe, in view of the fact that the decrees of the district court and of this court, which were reversed by the supreme court, were in favor of the Boston Fruit Company, that it cannot be charged with laches with reference to any matter now pending before us; and therefore, while we are of the opinion that the decree of the district court now appealed from must be affirmed, we rest our conclusion on the single proposition that, according to our understanding of the mandate from the supreme court, no substantial question was reserved therein except as to the effect of some payment that might have been actually made by underwriters with reference to the losses involved in the case. Inasmuch as the new matter now offered by the Boston Fruit Company is substantial, and yet is not based on any claim of any payment actually made by underwriters, we conceive that the mandate precludes its consideration, and for that reason the decree now appealed from must stand. The decree of the district court is affirmed, with interest, and the Northern Transport, Limited, will recover against the Boston Fruit Company the costs of this appeal.